IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICO WILSON,**

                  Petitioner,

       v.                             CASE NO. 11-3133-RDR

**(FNU) HOLLINGSWORTH,**

                  Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner proceeds pro se and submitted the filing fee. He seeks pre-release placement in a Residential Reentry Center (RRC) pursuant to the Second Chance Act of 2007 (SCA), codified at 18 U.S.C. § 3624(c), or, in the alternative, home confinement.

*Background*

Petitioner commenced this action while incarcerated at the United States Penitentiary, Leavenworth, Kansas (USPL), serving an 80-month sentence.

Petitioner arrived at USPL in May 2010. His unit team conducted program reviews in June 2010 and December 2010. During the reviews, his circumstances were evaluated to determine whether his placement at USPL was appropriate, but, because his release date was not within 17-19 months, he was not considered for placement in a Residential Reentry Center (RRC).

In January 2011, petitioner requested consideration for a 12-month RRC placement. Staff conducted a review but recommended only a 6-month placement. Petitioner unsuccessfully pursued

administrative remedies from this finding; the responses discussed the application of the five factors identified in the Second Chance Act (SCA) to his circumstances and the bases for the lower recommendation.

Petitioner had a third program review in June 2011, and staff again considered the five SCA factors and also noted that charges were pending against petitioner. Petitioner was advised that the RRC placement process would not proceed until the pending charges were resolved.

Petitioner later provided information that showed the charges against him had been resolved, and he again was evaluated for RRC placement. The outcome was a recommendation for 151-180 days prerelease RRC placement, again based upon the SCA factors. Petitioner then commenced this action.

Petitioner has not notified the court of a change of address. However, on-line records maintained by the BOP show petitioner was released from confinement on August 23, 2012.[1]

## Discussion

A district court may issue the writ of habeas corpus only when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal prisoner may pursue habeas corpus relief under § 2241 to challenge the execution of a sentence. *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005).

Where a prisoner challenges the period of time he may be allowed placement in an RRC, the appropriate relief is an order directing the

---

[1] www.bop.gov/iloc2

BOP to undertake the individualized review required by law. *See Wedelstedt v. Wiley*, 477 F.3d 1160, 1168 (10th Cir. 2007)(affirming grant of habeas corpus relief and requiring BOP to consider factors in 18 U.S.C. § 3621(b) to evaluate possible transfer to RRC).

*Mootness*

Because the petitioner has been released from confinement, the court first considers the question of mootness.

Under Article III of the Constitution, the federal courts may review only actual cases or controversies, and "an actual controversy must be extant at all states of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 67 (1997)(quotations omitted). "If, during the pendency of the case, circumstances change such that [a party's] legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required." *Green v. Haskell County Board of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009)(internal quotations omitted).

Because petitioner has been released from confinement, the court can provide no meaningful relief in this matter and concludes that this matter should be dismissed as moot.

*Legal framework of the SCA*

Even if petitioner remained incarcerated, however, the court concludes he would not be entitled to habeas corpus relief. The legal authority for RRC placement of federal prisoners was outlined by the Tenth Circuit as follows:

> Before 2008, § 3624(c) limited the time for which an inmate could be eligible for such transfer to the final six months or ten percent of his sentence, whichever was less. 18 U.S.C. § 3624(c)(2000). The Second Chance Act of 2007, Pub.L. No. 110-199, § 251, 122 Stat. 657, 692 (2008), amended the statute to provide for the current eligibility

time frame of twelve months.

Prior to that amendment, BOP had utilized a categorical approach to community confinement requests: it would only designate inmates to RRC facilities during the last ten percent of the sentence being served so long as that period did not exceed six months. See Community Confinement, 70 Fed. Reg. 1659, 1659 (January 10, 2005)(codified at 28 C.F.R. pt. 570 (2005))(finalizing rules regarding categorical exercise of discretion for designating inmates to community confinement); see also Community Confinement, 69 Fed. Reg. 51,213, 51,213-14 (Aug. 18, 2004)(proposed categorical rules); *Wedelstedt v. Wiley*, 477 F.3d 1160, 1162-63 (10th Cir. 2007)(discussing regulations codifying categorical approach); *Woodall*, 432 F.3d at 239-41 (same). In *Wedelstedt*, we invalidated BOP's categorical approach, holding that BOP's "categorical refusal to consider the five statutory factors [set forth by 18 U.S.C. § 3621(b)] is in direct conflict with the clear congressional command that the factors be considered if a transfer is sought or recommended." 477 F.3d at 1167.

After the eligibility period for community confinement in 18 U.S.C. § 3624(c) was expanded to twelve months, BOP issued an interim rule, revising its regulations to reflect that expansion. See Pre-Release Community Confinement, 73 Fed.Reg. 62,440, 62,443 (Oct. 21, 2008)(codified at 28 C.F.R. § 570.21(a)(2009))(interim rule revising BOP regulations to conform with the Second Chance Act of 2007). BOP subsequently issued two memoranda providing guidance to its staff regarding the proper implementation of the amended statutes while BOP was undergoing formal rulemaking to revise more permanently its regulations. The first memorandum, issued on April 14, 2008, addressed the statutory changes following the Second Chance Act of 2007, emphasizing that the pre-release time frame for RRC and CCC had been increased to twelve months and that there was no percentage limitation on time to be served. Additionally, the memorandum instructed staff that they must make prerelease placement decisions "on an individual basis in every inmate's case" and the "the Bureau's categorical timeframe limitations on pre-release community confinement… *are no longer applicable and must no longer be followed*." R. at 65; see also id. at 67 ("Bureau staff *must* approach every individual inmate's assessment with the understanding that he/she is now *eligible* for a maximum of 12 months pre-release RRC placement.") Staff were instructed to review inmates for pre-release placements at an earlier time, e.g., seventeen to nineteen months before their projected release dates, and to consider pre-release

inmates on an individual basis using the five factors from 18 U.S.C. § 3621(b)[2].

The second BOP memorandum, issued on November 14, 2008, addressed inmate requests for transfer to RRCs when more than twelve months remained from their projected release date (that is, non-prerelease inmates) In relevant part, the memorandum instructed staff that they could not automatically deny a non-pre-release inmate's request for pre-release transfer, but must give each request individualized consideration. *Id*. at 74-75. ("In other words, staff *cannot* say that an inmate, whatever the circumstances, is *automatically ineligible* for transfer to a RRC. Rather, staff must first review the inmate's request on its individual merits…."). However, if an inmate were to request transfer prior to the pre-release time frame of twelve months, although staff must individually consider the request, they were instructed that there was "no need" to perform immediately the statutorily prescribed individualized review. *Id.* at 75. Rather, the inmate should be informed that the request would be fully reviewed in conjunction with the next scheduled Program Review. Staff were cautioned that they should not inform the inmate that he or she was *ineligible* for transfer because "[t]elling an inmate that he/she is ineligible for RRC placement is the same as *automatically* denying the inmate from even being considered for such placement, and is not in accord with Bureau Policy." *Id*. The second memorandum also stated that "[a]n RRC placement beyond six months should only occur when there are unusual or extraordinary circumstances justifying such placement and the Regional Director concurs." *Id*. at 76. *Garza v. Davis*, 596 F.3d 1198, 1202-03 (10th Cir. 2010).

The court has reviewed the materials supplied by the parties and concludes petitioner received appropriate, individualized consideration for RRC placement. First, the BOP conducted an individualized evaluation concerning petitioner's suitability for RRC placement in early 2011. The resulting recommendation suggested

---

[2] The five factors enumerated in § 3621(b) are: (1)the resources of the facility contemplated; (2) the nature and circumstances of the prisoner's criminal offense; (3) the history and characteristics of the prisoner, (4) any statement by the sentencing court concerning the purposes of the sentence or the type of facility for incarceration; and (5) any relevant policy statement issued by the Sentencing Commission.

placement in an RRC for 6 months rather than the 12 months petitioner sought, and the record notes petitioner's criminal history, his GED diploma, and his significant community resources, including ongoing financial support and the availability of housing with a relative upon release. The review also concluded that petitioner's request for home confinement could not be granted due to his classification level[3]. (Doc. 5, Ex. F.)

Next, at petitioner's June 2011 Program Review, BOP staff again considered the five factors identified by the SCA and denied any action on his RRC placement packet until pending criminal charges were resolved. Petitioner later established that the charges had been resolved, and his case manager re-examined his circumstances and recommended him for RRC placement at 151-180 days prior to release. This evaluation again included the SCA factors. (Attach. 2, Appleby declar., Par. 10-12 and Ex. H.)

The record conclusively shows the BOP reviewed petitioner for RRC placement under the appropriate standards, and no basis for relief is shown.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed. This matter is rendered moot due to petitioner's release from confinement.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

---

[3] Petitioner acknowledges that he failed to exhaust this claim, and the court does not address that matter.

Dated: May 3, 2013                    s/ Julie A. Robinson
                                      United States District Judge